Frank Pagán, etc., Petitioner, *v.* District Court of San Juan, Respondent

No. 1547. Argued November 10, 1943.—Decided December 13, 1943.

*Carlos D. Vázquez* for petitioner. *R. Cuevas Zequeira* for intervener, plaintiff in the main action.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

An action was brought in the District Court of San Juan against Francisco Otero, a resident of Bayamón, by Francisco Pagán, his alleged natural son and a resident of San Juan, in which the latter sought a judgment ordering the defendant to pay him a monthly allowance of $30 for maintenance and support. On August 19, 1943, the district court ordered the defendant to be summoned and set September 3, 1943, for the first appearance, pursuant to the procedure established for unlawful detainer proceedings. The defendant, who was summoned to appear in Bayamón on August 23, 1943, appeared on the 27th of the same month and, without submitting to the jurisdiction of the court, moved for a change of venue to the District Court of Bayamón on the ground that Bayamón was the district of his residence. The defendant filed, in support of his motion for a change of venue, an affidavit of merits and a demurrer to the complaint, based on the insufficiency of the facts alleged to constitute a cause of action against the defendant.

On September 21, 1943, the District Court of San Juan granted the change of venue, relying for its decision on the case of *Rodríguez* v. *Morales,* 55 P.R.R. 721.

The plaintiff moved for reconsideration of the order granting the change of venue, but his motion was denied. On September 29, 1943, the plaintiff applied to the writer of this opinion as the acting judge in vacation and prayed for the issuance of a writ of certiorari in order to review

668

the proceedings had in connection with the change of venue to the District Court of Bayamón. Upon a writ being issued a hearing was had before the writer of this opinion, but as the parties had failed to file their briefs in time so as to enable the judge in vacation to render a decision before the expiration of the vacation period of this court, the case was set for hearing before the full court and was finally submitted on November 10, 1943.

The issue has been joined by the parties as follows:

The petitioner maintains that in accordance with the procedure in unlawful detainer cases, which is the one applicable to actions claiming maintenance and support, the defendant should have appeared before the District Court of San Juan on the day and at the hour set for the first appearance for the purpose of filing then and there his answer to the complaint and his motion for a change of venue; that the lower court erred in allowing the defendant to interpose a demurrer to the complaint, since the only plea available to a defendant in unlawful detainer proceedings is an answer to the complaint, within which demurrers may be interposed (§625 of the Code of Civil Procedure, 1933 ed.); and that the lower court erred in granting the change of venue and in failing to enter judgment by default against the defendant. The petitioner further alleges that "where a defendant files a motion for a change of venue, accompanied only by a demurrer, whereas it is incumbent upon him to answer the complaint, the motion for a change of venue should be denied as the same was not sought in accordance with the provisions of §82 of the Code of Civil Procedure," and cites in support of his contention the case of *Rivera* v. *Aybar,* 32 P.R.R. 504.

The answer of the defendant is to the effect that, although it is true that §625 of the Code of Civil Procedure provides that demurrers shall be interposed at the time of filing the

answer, said Section does not deprive the defendant of his right to challenge the insufficiency of the complaint and to rely, as his sole defense, on the legal question raised by the demurrer; that the defendant is entitled to have his case tried in the district court, of his residence; and that all the issues raised by the plaintiff can and must be discussed before the proper court as incidents to the action for maintenance and support, when the change of venue to which the defendant is entitled is decreed.

Is the procedure prescribed by the unlawful detainer act strictly applicable to an action for maintenance and support? Let us see first what the essential differences are between the two kinds of action.

The main purpose of the unlawful detainer action is to recover the possession of real property. The jurisdiction to take cognizance of the complaint in unlawful detainer proceedings has been conferred by law (§622 of the Code of Civil Procedure, 1933 ed.) on municipal courts of the district where the property lies, where the annual rental does not exceed one thousand dollars, and in all other cases on the district court of the district where the property is situated. When the action of unlawful detainer is filed in a court with jurisdiction to take cognizance of the case, the defendant is not at all entitled to move for a change of venue to the district of his residence and on the day set for his first appearance he must appear before the court in order to file then his answer to the complaint, in which he may include all such pleas as may be set up by way of demurrer, and once his plea is set up the defendant may offer all the evidence of which he intends to avail himself. Such evidence as might be admitted by the court shall be submitted within the following ten days.

An action claiming maintenance and support must be tried in the district where the defendant resides (*Rodríguez v. Morales, supra*). It is unquestionable that where an ac-

tion for maintenance and support is brought in the district where the defendant resides, the latter is bound to strictly comply with the provisions of §625, *supra,* just as in the case of unlawful detainer proceedings brought before a court with jurisdiction to take cognizance thereof.

Should a defendant in an unlawful detainer proceeding, brought before a court without jurisdiction to take cognizance of the case, be required to appear before such court, to submit to trial, to set up his pleas, to submit evidence, and to comply with the requisites of §625? The answer must be in the negative. A defendant in such case may move for the dismissal of the action on the ground of lack of jurisdiction or may move for a change of venue to the district where the property, the subject matter of the unlawful detainer proceedings, is situated. We fail to see any reason whatever for requiring a defendant, who challenges the jurisdiction of a court or who moves for a change of venue to the district of his residence, to appear before the court where he has been summoned, to submit to trial, to set up his pleas, and to submit for determination the admissibility of the evidence of which he intends to avail himself in order to establish his defense.

For identical reasons, it is our opinion that the defendant in the present action, who claims maintenance and support, is entitled to request that the case be tried in the District Court of Bayamón, which is the district where he resides, and that the defendant is not bound, as a condition precedent to or concurrent with the motion for a change of venue, to submit to trial, to file his pleas and to submit the admissibility of his evidence for determination by the District Court of San Juan. We hold, therefore, that the provisions of §625 of the Code of Civil Procedure are strictly applicable both to unlawful detainer actions and to actions where maintenance and support is sought, provided the action has been brought in a court with jurisdiction to take

cognizance thereof or as soon as the case has been transferred to the proper court with authority and jurisdiction to summon the parties for the holding of the first appearance. As the complaint in the instant case has been filed in a district other than that where the defendant resides, the latter was entitled to move for a change of venue to the district of his residence, pursuant to the provisions of §82 of the Code of Civil Procedure.

The case of *Rivera* v. *Aybar, supra,* relied upon by the petitioner, presents a situation almost identical with that of the case at bar. The decision in the cited case would be strictly applicable if we agreed with its conclusions. We do not. We think that said case was erroneously decided and, therefore, it is hereby expressly overruled.

Section 625 fails to fix the time for the defendant to file his answer, but it is logical to suppose that he should do so at the time the case is called for the holding of the first appearance. The statute acknowledges the right of the defendant to interpose demurrers and only requires that they should be interposed at the time of filing the answer, that is, at the time of making any statement "tending to establish his rights." Now, if at that time the defendant finds himself before a court, which is not that of the district of his residence, and is required to answer a complaint which in his opinion fails to state facts sufficient to constitute a cause of action, why should he not be allowed to interpose as his sole defense and answer to the complaint the demurrer for insufficiency or that for lack of jurisdiction which, as being privileged, may be interposed at any time, and at the same time to move for a change of venue to the court of the district of his residence? And, if his only defense to the complaint is the insufficiency of its averments, what does it matter if such defense is interposed in a paper entitled "demurrer" instead of one entitled "answer," if the practice allows the filing of such general exception either as a de-

murrer or as a part of the answer? To hold that because the defendant entitled his plea "demurrer," instead of entitling the same "answer," the change of venue should have been denied, would amount to taking advantage of a mere technicality to deprive the defendant of his statutory right to a trial of the case before the district court of the district of his residence. The lower court did not err in granting the change of venue.

■ Notwithstanding what we have just held, we think and so hold that the practice that should be followed, both in unlawful detainer proceedings and in actions for maintenance and support, where the defendant has been summoned to appear before a court without jurisdiction over the case, is for the defendant, upon being summoned for the first appearance, to file his answer to the complaint, in writing, and at the same time to file his motion for a change of venue to the proper court. Once the answer and the motion for a change of venue are filed, the court shall decree the change of venue, in a proper case, without obligation on the part either of the plaintiff or of the defendant to offer any evidence. The court to which the case may be transferred shall summon the parties for the holding before it of the first appearance, where the parties may submit the evidence of which they intend to avail themselves in support of their respective contentions. Any evidence admitted by the court shall be heard at the second appearance.

The writ issued must be quashed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.